1  SAN DIEGO UNIFIED PORT DISTRICT
   THOMAS A. RUSSELL, SBN 108607
2  PORT ATTORNEY
   WILLIAM D. MCMINN, SBN 211002
3  DEPUTY PORT ATTORNEY
   3165 Pacific Highway
4  P.O. Box 120488
   San Diego, CA 92112-0488
5  Tel: (619) 686-6219
   Fax: (619) 686-6444
6
7
   BROWN & WINTERS
8  WILLIAM D. BROWN, SBN 125468
   SCOTT PATTERSON, SBN 174979
9  MATTHEW D. MCDONALD, SBN 281799
   120 Birmingham Drive, Suite 110
10 Cardiff By-The-Sea, CA 92007
   Tel:  (760) 633-4485
11 Fax:  (760) 633-4427
12
13 Attorneys for Plaintiff, SAN DIEGO UNIFIED PORT DISTRICT

14                  **UNITED STATES DISTRICT COURT**

15               **SOUTHERN DISTRICT OF CALIFORNIA**

16 SAN DIEGO UNIFIED PORT DISTRICT,    )  Case No.:  **'16 CV 2540 W    DHB**
                                       )
17                                     )  **COMPLAINT OF SAN DIEGO UNIFIED**
                       Plaintiff,      )  **PORT DISTRICT FOR**
18         v.                          )  **ENVIRONMENTAL COST RECOVERY,**
                                       )  **CONTRIBUTION, DECLARATORY**
19 UNITED STATES OF AMERICA,           )  **RELIEF, AND DAMAGES**
                                       )
20                                     )
                       Defendant.      )  **DEMAND FOR JURY TRIAL**
21                                     )
                                       )
22                                     )
                                       )
23                                     )
                                       )
24                                     )
                                       )
25                                     )
                                       )
26                                     )
                                       )
27                                     )
                                       )
28 _____ )

                                    1

Plaintiff, San Diego Unified Port District ("Port"), for its complaint against Defendant United States of America (United States), alleges and states as follows:

## JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action pursuant to the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. §§9613(b) and (f), and 42 U.S.C. §9607; pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201; and pursuant to 28 U.S.C. §1331; 28 U.S.C. §1346(b); 28 U.S.C. and § 1402(b).

2.      This Court also has subject matter jurisdiction over Port's claims brought under state law by virtue of supplemental jurisdiction provided in 28 U.S.C. §1367, and under the doctrine of pendent jurisdiction set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).  The Port's claims under state law arise from the same nucleus of operative facts as the claims under federal law.

## VENUE

3.      Pursuant to 42 U.S.C. §9613(b) and 28 U.S.C. 1391(b)(2), venue is proper in any district in which the release or damages occurred or where a substantial part of the events giving rise to the claim occurred or where a substantial part of the property that is the subject of the action is situated.  The release of hazardous substances and damages occurred in Chula Vista, California, which is in the Southern District of California.

## PARTIES

4.      Plaintiff Port is a public entity organized and existing under the laws of the State of California, pursuant to California Harbor & Navigations Code Appendix 1, §1, *et seq.*

5.      Defendant United States includes all relevant agencies of the federal government, including the Department of the Navy, Department of the Air Force, General Services Administration, Department of Commerce, and all other departments, agencies, and instrumentalities of the federal government.

6.      The Port submitted a tort claim to the Department of the Navy dated January 27, 2016, under and in compliance with the Federal Tort Claims Act.  The Department of the Navy did not make a final determination of the claim within the six-month time period prescribed in 28 U.S.C. §2675(a).  Accordingly, the Department of the Navy denied this claim by operation of law.

7.      The Port submitted a claim to the General Services Administration ("GSA") dated January 27, 2016, under and in compliance with the Federal Tort Claims Act.  The GSA denied this claim by letter dated May 17, 2016.

8.      The Port submitted a claim to the Department of the Air Force dated January 27, 2016, under and in compliance with the Federal Tort Claims Act.  The Department of the Air Force denied this claim by letter dated April 14, 2016.

9.      The Port is informed and believes and thereon alleges that the United States is responsible in some manner for the occurrences herein alleged, and that the Port's damages as herein alleged were proximately and legally caused by the conduct of the Defendant.

10.      The Port is informed and believes and thereon alleges that the above-identified agencies, at all times relevant to this action, were acting as the agent, servant, employee, partner, and/or joint venture of the Defendant United States, and in doing the acts alleged were acting within the course and scope of such agency, permission and employ.

## GENERAL ALLEGATIONS

11.      In or around 1940 and 1941, Rohr Aircraft Corporation ("Rohr") purchased two separate parcels at or around the area currently known as 850 Lagoon Drive, Chula Vista, CA. 91910 ("Site").  The purchase included a 20 acre parcel, commonly referred to as the North Campus, and an additional 28.26 acre parcel, commonly referred to as the South Campus.

12.      In 1940, Congress authorized the Reconstruction Finance Corporation ("RFC") to purchase land and build or expand plants and facilities to aid in the ongoing war

1  efforts. The Defense Plant Corporation ("DPC") was chartered to carry out these functions

2  on behalf of the RFC.

3      13.    In or around 1942, the DPC purchased Rohr's 28.26 acre South Campus

4  Property and began constructing additional new facilities and improving already existing

5  facilities. The DPC leased the South Campus back to Rohr to operate. The DPC also made

6  improvements to Rohr's North Campus facilities. The DPC's improvements to both

7  campuses included, but were not limited to, construction of buildings, pads, foundations,

8  underground waste water conveyance systems, and sewage treatment systems.

9      14.    During the period of DPC's ownership of the South Campus and following

10  DPC's improvements to the North and South Campus, Rohr's plant size grew from 174,000

11  sq. ft. to over 600,000 sq. ft. and its work force grew from 865 employees to over 13,000

12  employees.

13      15.    By the end of World War II, Rohr was forced to lay off all but 500 employees

14  and terminate its lease of the South Campus from the DPC.

15      16.    Upon information and belief, the DPC transferred its interest in the Site to the

16  RFC. In 1949, Rohr entered into a new lease with the RFC for the South Campus in

17  preparation for the Korean War effort. Rohr's production and work force again grew rapidly

18  during this time. By the end of the Korean War, Rohr's work force included over 10,000

19  employees.

20      17.    At the conclusion of the Korean War, the United States began selling many

21  of the plants and/or facilities acquired as part of the World War II and Korean War efforts.

22      18.    In October 1957, Rohr purchased the South Campus from the United States

23  by quit claim deed. The deed contained a provision that required Rohr to maintain the

24  facilities in a manner that would be ready for wartime production within 120 days' notice.

25      19.    The DPC and RFC were dissolved in 1945 and 1957, respectively. The War

26  Assets Administration was the successor to the RFC. The General Services Administration

27  is the successor to the War Assets Administration.

28

COMPLAINT OF SAN DIEGO UNIFIED PORT DISTRICT

1       20.    Upon information and belief, the Port alleges that during the period of the

2   United States' ownership of the South Campus and its operation of the North Campus,

3   Defendant generated and disposed of industrial wastes at and around the Site.

4       21.    Currently, the Port holds the South Campus and surrounding areas in trust for

5   the people of the State of California pursuant to authority granted to it by the California

6   Legislature in 1962 (*Cal. Harb. & Nav. Code* Appendix I).  Rohr owns the North Campus.

7       22.    The Site is within the Harbor District Redevelopment Project Area subject to

8   the jurisdiction of the Chula Vista Redevelopment Agency.

9       23.    California dissolved all redevelopment agencies in 2012.  Any project areas

10   undergoing investigation and/or cleanup efforts at the time of dissolution were transferred to

11   a successor agency.  The former Chula Vista Redevelopment Agency is being operated by

12   the Successor Agency to the former Chula Vista Redevelopment Agency ("Successor

13   Agency").

14       24.    The former Chula Vista Redevelopment Agency issued a Corrective Action

15   Notice naming the Port and Rohr as responsible parties to investigate and remediate a

16   release of hazardous substances in a redevelopment project area.

17       25.    The Successor Agency filed suit against Rohr in California state court in

18   2013 for failure to implement the investigation and cleanup of the Site as directed under the

19   Corrective Action Notice.

20       26.    Rohr then cross-complained against the Port in 2014 seeking damages for

21   contribution, indemnity, negligence and declaratory relief.

22       27.    The San Diego Regional Water Quality Control Board ("SDRWQCB") is

23   working alongside the Successor Agency to the former Chula Vista Redevelopment Agency

24   to ensure the parties comply with the Corrective Action Notice.  Both agencies act as

25   oversight agencies of the investigation and cleanup of the Site.

26       28.    The Port is informed and believes and thereon alleges that Defendant

27   engaged in various disposal activities during their ownership and/or operation of the Site

28   which caused and contributed to deposits and/or releases of hazardous substances in the soil

1  and groundwater at and around the Site, such that Defendant is legally responsible for the

2  hazardous substance contamination within and around the Site.

3        29.    The Port is informed and believes and thereon alleges that Defendant's

4  activities concerning the storage, handling, and disposal of wastes violated specific and

5  mandatory regulations, federal laws and statutes, and state laws in effect during its

6  ownership and/or operations at the Site.

7        30.    The Port is informed and believes and thereon alleges that Defendant's

8  improvements, particularly those involving the storage, handling and disposal of wastes, at

9  times failed to function as designed and that these failures contributed to the introduction of

10  untreated industrial process wastes into the soils, groundwater and sediments at and around

11  the Site.

12        31.    The Port is informed and believes and thereon alleges that Defendant

13  additionally failed to properly store, handle, and use the waste disposal systems put in place

14  thereby causing untreated industrial process wastes to enter the soils, groundwater and

15  sediments at and around the Site.

16        32.    The Port is informed and believes and thereon alleges that at one or more

17  times  during its ownership of the Site,  Defendant was notified of the impacts its waste

18  disposal activities were having on the soils, groundwater and sediments at or around the Site

19  and refused and/or failed to implement necessary measures to protect against these impacts.

20        33.    Several contaminants of concern (COCs) were identified in the soils on-Site

21  as well as groundwater within and around the Site, including but not limited to,

22  polychlorinated biphenyls (PCBs), trichloroethene (TCE), 1,1-Dichloroethene (1,1-DCE),

23  1,1-Dichloroethane (1,1-DCA), 1,2-Dichochlorethane (1,2-DCA), petroleum hydrocarbons,

24  hexavalent chromium, arsenic, chromium, lead, mercury, nickel, silver, zinc, cadmium and

25  copper.

26        34.    The contamination is migrating off-Site onto adjacent properties owned by

27  and/or within the jurisdiction of the Port as well as toward and into the San Diego Bay.

28

# FIRST CAUSE OF ACTION

## (Continuing Nuisance)

35.     The Port realleges and incorporates by reference the allegations contained in Paragraphs 1 through 34 as though fully set forth herein.

36.     Pursuant to California Civil Code §3479, a nuisance is anything which is injurious to health, indecent or offensive to the senses or is an obstruction of the free use of property so as to interfere with the comfortable enjoyment of life or property.

37.     Pursuant to California Civil Code §3480, a public nuisance is one which affects, at the same time, an entire community or neighborhood, or any considerable number of persons.

38.     Pursuant to the Port Act (*Cal. Harb & Nav. Code* Appendix I, the Port holds the Site and surrounding areas in trust on behalf of the people of the State of California.

39.     Defendant caused or permitted the contamination alleged in this action by acts or omissions as described herein, beginning in the early 1940s and continuing through the present day.

40.     The hazardous substances deposited and released into the soils and groundwater by Defendant are migrating, are injurious to health, are indecent or offensive to the senses, and are an obstruction to the free use of property, in the customary manner, so as to interfere with the comfortable enjoyment of life or property.

41.     The hazardous substances contamination at or around the Site is continuing and abatable.

42.     As a direct and proximate result of the acts and omissions of the Defendant, as set forth herein, the areas in and around the Site have been and will continue to be contaminated, constituting a nuisance.  The Port has incurred and will continue to incur substantial and necessary response costs, including, among other losses, investigation expenses, attorneys' fees, consulting fees, expert fees, oversight costs, interest and other response costs to abate the nuisance and respond to the aforementioned Corrective Action Notice, as well physical damage to the Port's property interest, loss of use of property

1  interest, loss of revenue arising from the loss of use of property interest, and diminution in
2  property value.

3      43.     The Port seeks damages to respond to and abate the nuisance caused and/or
4  created by Defendant.  Additionally, the Port is entitled to injunctive relief for the abatement
5  of any ongoing nuisance caused and/or created by Defendant.

6                              **SECOND CAUSE OF ACTION**
7                                  **(Continuing Trespass)**

8      44.     The Port realleges and incorporates by reference the allegations contained in
9  Paragraphs 1 through 43 as though fully set forth herein.

10     45.     Pursuant to the Port Act (*Cal. Harb & Nav. Code* Appendix I, the Port holds
11 portions of the Site and surrounding property in trust for the people of the State of
12 California.

13     46.     The Port is informed and believes and thereon alleges that Defendant
14 deposited, released, failed to remove, contain, remediate, or otherwise immobilize hazardous
15 substances at and around the Site, and that said actions were substantially certain to, and did,
16 cause the entry of hazardous substances at, and in the vicinity of, the soils and groundwater
17 at the Site and surrounding areas, which hazardous substances are abatable.

18     47.     The aforementioned entry of hazardous substances at, and in the vicinity of,
19 the Site, and Defendant's deposit and/or release of hazardous substances onto the soils and
20 groundwater at the Site and surrounding the Site, constitutes a continuing trespass.

21     48.     As a result, Defendant has unlawfully interfered with Port's possession of
22 land.

23     49.     As a direct and proximate result of said continuing trespass, the Port has
24 incurred substantial damages, and will continue to incur substantial damages, including, but
25 not limited to, investigation expenses, attorneys' fees, consulting fees, expert fees, oversight
26 costs, interest and other response costs as well physical damage to the Port's property
27 interest, loss of use of property interest, loss of revenue arising from the loss of use of
28 property interest, and diminution in property value.

50.     The Port seeks abatement of the trespass, and all other legally available costs and damages.

### THIRD CAUSE OF ACTION

### (Equitable Indemnity and Contribution)

51.     The Port realleges and incorporates by reference the allegations contained in Paragraphs 1 through 50 as though fully set forth herein.

52.     The Corrective Action Notice issued by the former Chula Vista Redevelopment Agency states that discharges of wastes to soils and groundwater have occurred at and around the Site.

53.     The Port is informed and believes that any liability that falls upon the Port under the Corrective Action Notice is constructive, secondary or passive in nature, and said liability attaches solely by reason of the conduct of Defendant in wrongfully creating such nuisance conditions, as previously alleged and set forth herein.

54.     As a result of the Corrective Action, the Port has and will continue to incur substantial costs investigating and responding to the hazardous waste contamination.

55.     By reason of the foregoing, the Port is entitled to indemnity and/or contribution from the Defendant in proportion to its percentage of contribution to the conditions alleged in the Corrective Action Notice.

### FOURTH CAUSE OF ACTION

### (Hazardous Substance Account Act Statutory Indemnity and/or Contribution)

56.     The Port realleges and incorporates by reference the allegations contained in Paragraphs 1 through 55 as though fully set forth herein.

57.     The Carpenter-Presley-Tanner Hazardous Substance Account Act, California Health and Safety Code §§25300, et seq. ("HSAA") includes the statutory right of indemnification and contribution for those parties who incur response costs against those parties who are responsible for the contamination.  The responsible parties include owners

1   and/or operators of the facilities at the time the alleged hazardous substances were allegedly

2   released into the environment, and arrangers for the disposal of hazardous substances.

3        58.    Defendant is a "person" and "responsible party" liable for removal and

4   remedial action costs incurred by the Port, within the meaning of HSAA §§25319 and

5   25323.5.

6        59.    The hazardous substances released and continuing to be released by the

7   Defendant in and around the Site are hazardous substances within the meaning of HSAA

8   §25316.

9        60.    The Site is a "site" within the meaning of HSAA §25323.9.

10       61.    The costs incurred and to be incurred by the Port to investigate and remediate

11   hazardous substances in and around the Site are removal and remedial actions within the

12   meaning of HSAA §§25322 and 25323.

13       62.    All the costs incurred or to be incurred by the Port at and around the Site are

14   in compliance with Chapter 6.8 of the Hazardous Substance Account Act.

15       63.    The Port is entitled to indemnity and/or contribution from the Defendant for

16   all response costs incurred by the Port under California Health and Safety Code § 25363(d).

17   Accordingly, the Port requests that judgment be entered in favor of the Port and against the

18   Defendant.

19       64.    The Port provided written notice of a related state court action to the Director

20   of the California Department of Toxic Substances Control pursuant to HSAA §25363(d) by

21   letter dated February 6, 2014, and will provide notice of this action upon filing.

22                              **FIFTH CAUSE OF ACTION**

23   **(Declaratory Relief under the Hazardous Substance Account Act §25300 *et seq.*)**

24       65.    The Port realleges and incorporates by reference the allegations contained in

25   Paragraphs 1 through 64 as though fully set forth herein.

26       66.    Because the nature, extent and magnitude of the contamination at the Site is

27   not fully known at this time, and investigatory and remedial work has not been completed

28   and will likely occur in the future, the Port may incur further necessary response costs,

1    including but not limited to investigatory, monitoring and remedial expenses, as well as

2    interest, in the future.

3         67.    Pursuant to HSAA §25363, *et seq.*, the Port is entitled to declaratory

4    judgment establishing the liability of the Defendant for response costs incurred and/or to be

5    incurred in this and any subsequent action or actions to recover further response costs.

6         68.    The Port further requests that this Court, after entering the declaratory relief

7    prayed for herein, retain jurisdiction of this action and grant the Port such further relief

8    against the Defendant as is necessary and proper to effectuate the Court's declaration.

9
## SIXTH CAUSE OF ACTION

10
### (Equitable Indemnity and/or Contribution under the Polanco Redevelopment

11
### Act)

12
13    69.    Port realleges and incorporates by reference the allegations contained in

Paragraphs 1 through 68 as though fully set forth herein.

14
15    70.    Defendant is a "responsible party" as that term is defined in California Health

& Safety Code §33459(h).

16
17    71.    Pursuant to its authority under the Polanco Redevelopment Act, the former

Chula Vista Redevelopment Agency issued a Corrective Action Notice naming the Port and

18
19    Rohr as responsible parties for an unauthorized release of hazardous substances at and

around the Site, which is within the Harbor District Redevelopment Project Area.

20
21    72.    The Successor Agency filed a complaint for cost recovery, nuisance,

injunctive relief and declaratory relief under the Polanco Redevelopment Act against Rohr

22
23    on November 25, 2013. Rohr cross-complained against the Port in January 2014 for

contribution, indemnity, negligence and declaratory relief.

24
25    73.    The Port is informed and believes, and thereon alleges, that the Defendant's

ownership and operations at the Site caused the unauthorized releases of hazardous

26
substances.  Defendant is liable under the Polanco Redevelopment Act for such

27
unauthorized releases.

28

COMPLAINT OF SAN DIEGO UNIFIED PORT DISTRICT

74. The Port has undertaken actions in response to the Corrective Action Notice to investigate, remedy or remove the releases of hazardous substances. Such investigative, remedial or removal actions are ongoing.

75. The Port is entitled to indemnity and/or contribution from Defendant for response costs incurred by the Port to comply with the Corrective Action Notice. Accordingly, the Port requests that judgment be entered in favor of the Port and against Defendant.

## SEVENTH CAUSE OF ACTION

### (Declaratory Relief under the Polanco Redevelopment Act)

76. Port realleges and incorporates by reference the allegations contained in Paragraphs 1 through 75 as though fully set forth herein.

77. Because the nature, extent and magnitude of the contamination at the Site is not fully known at this time, and investigatory and remedial work has not been completed and will likely occur in the future, the Port may incur additional necessary response costs, including but not limited to investigation, monitoring and remedial expenses, as well as interest, in the future.

78. The Port is entitled to declaratory judgment establishing the liability of Defendant for response costs incurred and/or to be incurred in this and any subsequent action or actions to recover further response costs.

79. Port further requests that this Court, after entering the declaratory relief prayed for herein, retain jurisdiction of this action and grant the Port such further relief against Defendant as is necessary and proper to enforce the Court's declaration.

## EIGHTH CAUSE OF ACTION

### (Negligence and Negligence Per Se)

80. The Port realleges and incorporates by reference the allegations contained in Paragraphs 1 through 79 as fully set forth herein.

81. Defendant owed the people of the State of California duties of reasonable care in performing their activities at and near the Site. These duties included, but were not

1    limited to, the duties to refrain from operations, activities and conduct that have resulted in

2    contamination of the soil and groundwater at and around the Site.

3         82.    The Port is the trustee of the soil and groundwater at and around the Site on

4    behalf of the people of the State of California.

5         83.    The Port is informed and believes, and thereon alleges, that the manner in

6    which the Defendant conducted its operations, disposal practices, and site management

7    caused, permitted, or contributing to the contamination of soils and groundwater at and

8    around the Site thereby breaching its duty of care.

9         84.    The Port is informed and believes, and thereon alleges, that the Defendant's

10   conduct, as detailed herein, leading to the release of hazardous substances at the Site

11   violated applicable legal requirements governing the transport, handling, storage, treatment,

12   use and disposal of hazardous substances. Such releases are the type of occurrences which

13   the aforementioned legal requirements are designed to prevent.

14        85.    The Port, as trustee, is among the class of persons which such legal

15   requirements were designed and intended to protect.

16        86.    Defendant's violations of those legal requirements proximately caused harm

17   to the Port, who has been required to respond to said releases of hazardous substances at the

18   Site. As a result of the Defendant's actions, the Port is entitled to damages according to

19   proof at trial.

20        87.    The foregoing acts of the Defendant, as detailed in the general allegations

21   herein, violate various statutory provisions, including but not limited to, 42 U.S.C. §§ 9607

22   and 9613, California Health & Safety Code §§25300, *et seq.*, California Water Code

23   §§13000, *et seq.*, and California Health & Safety Code §§33459, *et seq.*

24        88.    As a direct and proximate cause of the Defendant's breaches of the duty of

25   reasonable care, the Port has incurred and will continue to incur substantial and necessary

26   response costs, including, among other losses, investigation expenses, attorneys' fees,

27   consulting fees, expert fees, oversight costs, interest and other response costs as well

28

COMPLAINT OF SAN DIEGO UNIFIED PORT DISTRICT

1  physical damage to Port's property interest, loss of use of property interest, loss of revenue

2  arising from the loss of use of property interest, and diminution in property value.

3                          **NINTH CAUSE OF ACTION**

4                          **(Cost Recovery Under CERCLA)**

5          89.    The Port realleges and incorporates by reference the allegations contained in

6  Paragraphs 1 through 88 as fully set forth herein.

7          90.    As detailed in the general allegations above, Defendant qualifies as a covered

8  person as defined by Sections 107(a), 42 U.S.C. §9607(a) and 101(14), 42 U.S.C.

9  §9601(14), in that the Defendant owned and operated the Site when Hazardous Substances

10 were released and/or disposed at and around the Site.

11         91.    A "release" of hazardous substances within the meaning of CERCLA Section

12 101(22), 42 U.S.C. §9601(22), has occurred into the soils and groundwater at or around the

13 Site from Defendant's ownership, operations or arrangements for disposal of hazardous

14 substances at facilities at or adjacent to the Site. Defendant conducted itself in its ownership

15 and/or operations and/or disposal arrangement activities at or around the Site so as to

16 directly, proximately and/or causally contribute to the damages alleged herein. Such

17 hazardous substances included the COCs alleged herein.

18         92.    The release(s) have occurred from a "facility" or facilities at, in or around the

19 Site within the meaning of CERCLA Section 101(9), 42 U.S.C. §9601(9).

20         93.    As a result of the "release(s)" of "hazardous substances," by Defendant, the

21 Port has incurred and will continue to incur significant response costs.

22         94.    The Port has incurred and will continue to incur substantial costs consistent

23 with the National Contingency Plan to investigate and remediate releases of hazardous

24 substances in the environment at and around the Site.

25         95.    The Port requests that judgment be entered in its favor and against Defendant

26 pursuant to 42 U.S.C. §9607(a) for all response costs that the Port has incurred and will

27 incur to investigate, remove or remediate hazardous substances, and alleged property

28 damage.

96.     The Port will provide a copy of this Complaint to the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency pursuant to 42 U.S.C. §9613(l).

### TENTH CAUSE OF ACTION

### (Contribution Under CERCLA)

97.     The Port realleges and incorporates by reference the allegations contained in Paragraphs 1 through 96 as fully set forth herein.

98.     Defendant is a covered person as defined by Section 107(a) of CERCLA, 42 U.S.C §9607(a).  Defendant is therefore a covered person, liable for contribution and other relief to the Port under 42 U.S.C. §9613(f).

99.     As a responsible party under §9607(a) of CERCLA, Defendant is liable to the Port for contribution toward any costs it incurred or will incur in the future in responding to the alleged release of hazardous substances at, in or around the Site as alleged herein, including without limitation, the costs of investigation, cleanup, and/or removal of contaminated soils and groundwater, and completing any additional investigation, monitoring, and remediation at the Site, in amounts to be determined according to proof at trial.

100.     The former Chula Vista Redevelopment Agency determined that the Port, along with Rohr, was responsible for the implementation of the environmental investigation and cleanup of hazardous substances released in the Harbor District Redevelopment project area.  The Site is within the Harbor District Redevelopment project area within Chula Vista, California.  As a result, the Port has incurred and will incur a disproportionate share of response costs to address the contamination at and around the Site.  Additionally, the Port is facing potential judgment of its liability to Rohr which is likely to be resolved in the near future.

101.     The Port requests that judgment be entered in its favor and against Defendant pursuant to 42 U.S.C. §9613, for contribution to the response costs that the Port has incurred

or will incur to investigate, remove and/or remediate the release(s) of hazardous substances and alleged property damage at the Site.

## ELEVENTH CAUSE OF ACTION

### (Declaratory Judgment Under CERCLA)

102.    Port realleges and incorporates by reference the allegations contained in Paragraphs 1 through 101 as fully set forth herein.

103.    CERCLA §113(g), 42 U.S.C §9613(g)(2), provides that in an action to recover costs, "the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages."

104.    This action is an action of the type described in CERCLA § 113(g)(2), 42 U.S.C. §9613(g)(2).

105.    An actual controversy has arisen and now exists among the Port and Defendant in that the Port contends that Defendant is liable under CERCLA for some or all of the costs incurred by the Port to investigate, remove and/or remediate hazardous substances at the Site and Defendant disputes their liability for such costs.

106.    Unless the rights, duties and obligations of the Port and Defendant are determined in this action, there will be a multiplicity of actions. Judicial determination of the liability of each party is necessary and appropriate in order that the Port may ascertain its rights against the Defendant.

107.    Pursuant to 28 U.S.C. §2201(a) and 42 U.S.C. §§9613(g)(2) and 9613(b), this Court has jurisdiction to award declaratory relief. The Port, therefore, requests a judicial determination of its rights, and the duties and obligations of the Defendant, with respect to the costs necessary to investigate, remove or remediate the alleged release and/or releases of hazardous substances at the Site.

## PRAYER FOR RELIEF

The Port prays for judgment against Defendant as follows:

COMPLAINT OF SAN DIEGO UNIFIED PORT DISTRICT

1        1.      For recovery and contribution from Defendant of all response costs incurred,

2    and to be incurred by the Port, in response to the alleged release of hazardous substances

3    within and around the Site;

4        2.      For damages against Defendant in an amount equal to all response costs and

5    all other costs and damages incurred in investigating, removing, cleaning up, and

6    remediation of the alleged hazardous substance contamination in an amount according to

7    proof at trial;

8        3.      For compensatory damages according to proof at trial;

9        4.      For incidental and consequential damages according to proof at trial;

10       5.      For a permanent injunction requiring the Defendant to investigate and

11   remediate contamination within and around the Site;

12       6.      For prejudgment interest to the full extent permitted by law;

13       7.      For a declaration of the Port's rights and Defendant's obligations concerning

14   the matters and controversies which are the subject of the action herein;

15       8.      For costs of suit; and

16       9.      For such other and further relief as the court may deem just and proper.

17

18   Dated: October 11, 2016               BROWN & WINTERS

19

20                              By: ___s/William D. Brown_____

21                                 William D. Brown
                                   Scott E. Patterson

22                                 Matthew D. McDonald
                                   Attorneys for Plaintiff SAN DIEGO

23                                 UNIFIED PORT DISTRICT

24

25

26

27

28

COMPLAINT OF SAN DIEGO UNIFIED PORT DISTRICT